## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**CARMEL JAMES TRIGGS, JR.**                    **CIVIL ACTION NO. 24-CV-1661**

**VS.**                                          **JUDGE DAVID C. JOSEPH**

**POLICE DEPT. OF PATTERSON, ET AL**    **MAGISTRATE JUDGE AYO**

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed in *forma pauperis* by pro se plaintiff, Carmel James Triggs, Jr.  Triggs is currently incarcerated at the St. Mary Parish Jail.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reason it is RECOMMENDED that the complaint be DISMISSED WITH PREJUDICE.

### I.      BACKGROUND

Triggs complains about an incident that occurred on November 5, 2024.  While being escorted by Officer Joshua Diaz, Triggs saw Officer Hazal Piggot sitting in a chair showing one of the trusties something on her cell phone. Triggs commented on what he saw, which caused Piggot to "jump in [his] face" and yell profanities.  Rec. Doc. 5 at p. 3.  She continued to yell at him, then pushed him into a brick wall and pushed her forearm into his throat.  *Id.* at p.4.  Triggs seeks monetary compensation for battery and assault, pain and suffering and mental anguish.  *Id.*

### II.     LAW AND ANALYSIS

#### a.  *Frivolity Review*

1

Triggs has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Rec. Doc. 7). Under Section 1915(e)(2)(B)(i), (ii) and (iii), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune. *See Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim.)

### b.  *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

2

### c. Application

The first step in a Section 1983 analysis is to identify the specific constitutional right involved. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).  Triggs has not explicitly alleged the violation of a particular constitutional right.  He claims that the defendants' words and actions caused him "mental anguish" for which he seeks monetary damages.

To the extent that the complaint implicates rights guaranteed under the Eighth Amendment's prohibition against cruel and unusual punishment, Triggs has failed to state a claim for which relief may be granted.  To establish an Eighth Amendment claim, a plaintiff must demonstrate, *inter alia*, an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.1999).

Claims of verbal abuse are not actionable under Section 1983.  *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir.1997) (verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993)); *see also Adkins v. Rodriguez,* 59 F.3d 1034 (10th Cir.1995) (verbal sexual harassment by jailer, while outrageous and unacceptable, did not amount to a violation of the inmate's Eighth Amendment rights).  Therefore, to the extent that Triggs claims that a violation of his Eighth Amendment rights occurred when the defendant yelled profanities at him, those allegations fail to state a claim for which relief may be granted.

Furthermore, 42 U.S.C. § 1997e(e) provides, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The "physical injury" required by Section 1997e(e) must be more than *de minimis* but need not be

3

significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). Triggs' allegation that Officer Piggot yelled profanities at him, pushed him against a wall and pushed her forearm into his throat are not allegations that her actions resulted in any physical injury. Triggs' claim, therefore, thus does not overcome Section 1997e(e)'s prohibition. Accordingly,

**IT IS RECOMMENDED** that Plaintiff Carmel James Triggs' civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers this 9th day of May, 2025.

David J. Ayo
United States Magistrate Judge